MICHAEL J. HEYMAN
United States Attorney

SETH BRICKEY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: seth.brickey-smith@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | No. 3:25-cr-00025-SLG-MMS |
|---|---|
| Plaintiff, | |
| vs. | |
| FRANCISCO RODRIGUEZ-RINCON, | |
| Defendant. | |

**RESPONSE IN OPPSOITION TO MOTION FOR IMMEDIATE RELEASE FROM CUSTODY OR DISMISSAL OF INDICTMENT**

The defendant, Francisco Rodriguez-Rincon, has filed a Motion for Immediate Release from Custody or Dismissal of Indictment, arguing that he must be released from ICE custody while his criminal case is pending, or else the indictment must be dismissed with prejudice. As to his request for immediate release, the Court should deny this request because ICE has both mandatory and discretionary authority pursuant to the Immigration and Nationality Act (INA), 8 U.S.C. § 1101, *et seq*, to detain the defendant pending his removal. More specifically, the defendant is subject to mandatory detention

pursuant to 8 U.S.C. § 1231(a)(2)(A) for being an alien with a final removal order. Moreover, ICE has discretionary authority pursuant to 8 U.S.C. § 1226(a)(1) to detain noncitizens pending removal. While the Court may order that the Rodriguez-Rincon be released under the Bail Reform Act ("BRA"), 18 U.S.C. § 1342, "nothing in the [Bail Reform Act] gives a district court the authority to compel another sovereign or judge in federal administrative proceedings to release or detain a defendant." *United States v. Soriano Nunez*, 928 F.3d 240, 246 (3d Cir. 2019).

Further, the Court should also deny the Defendant's alternative request to dismiss the Indictment because the government cannot simultaneously institute removal proceedings and criminal proceedings against the Defendant. The Bail Reform Act (BRA) and the INA serve different purposes, govern separate adjudicatory proceedings, and provide independent statutory bases for detention. The government's authority, and in this case mandate, to detain an alien pursuant to the INA does not disappear merely because the Court has not detained the Defendant pending his criminal trial.

## BACKGROUND

Francisco Rodriguez-Rincon, a citizen and national of Mexico, entered the United States on or about May 15, 1995, near San Ysidro, California, and was deported on December 9, 1995, pursuant to an order of the Immigration and Naturalization Service. Rodriguez-Rincon subsequently re-entered the United States without having obtained the express consent of the Attorney General or Secretary of Homeland Security. After he re-entered the United States, he falsely claimed to be a United States citizen to

*U.S. v. Rodriguez-Rincon*
3:25-cr-00025-SLG-MMS    Page 2 of 12
Case 3:25-cr-00025-SLG-MMS    Document 22    Filed 06/09/25    Page 2 of 12

obtain an Alaska State driver's license. Rodriguez-Rincon was found in the District of Alaska by immigration officers on or about February 12, 2025.

On March 20, 2025, a grand jury sitting in this district indicted Rodriguez-Rincon in a two-count indictment, charging him with Reentry After Deportation, in violation of 8 U.S.C. § 1326(a)(2), and False Statement of Citizenship, in violation of 18 U.S.C. § 1015(e). Dkt. 2. The government did not seek an arrest warrant, but instead requested the Court issue a summons for Rodriguez-Rincon's appearance at arraignment. Dkt. 9. At arraignment, the government did not seek detention, and Rodriguez-Rincon was ordered released on conditions. Dkt. 9. On May 21, 2025, Rodriguez-Rincon was arrested and detained pursuant to Immigrations and Customs Enforcement (ICE) authority. Upon his arrest, Rodriguez-Rincon was also served a Decision to Reinstate Prior Order of Removal (I-871). He is now located at the Northwest ICE Processing Center (NWIPC) in Tacoma, Washington, pending removal proceedings.[1]

## DISCUSSION

Congress enacted the BRA, 18 U.S.C. § 1342, to "give the courts adequate authority to make release decisions that give appropriate recognition to the danger a person may pose to others if released." *United States v. Salerno*, 481 U.S. 739, 741 (1987) (quoting S.Rep. No. 98–225, at 3). After a hearing, if a judicial officer finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required

---

[1] Undersigned counsel has been advised that after his arrival at the NWIPC, Rodriguez-Rincon claimed that he had a fear of persecution or torture being returned to Mexico, which has delayed his removal.

*U.S. v. Rodriguez-Rincon*
3:25-cr-00025-SLG-MMS                Page 3 of 12
Case 3:25-cr-00025-SLG-MMS    Document 22    Filed 06/09/25    Page 3 of 12

and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." 18 U.S.C. § 3142(e)(1).

The INA, 8 U.S.C. § 1101, *et seq.*, charges the United States Secretary of Homeland Security with the administration and enforcement of the INA and other immigration laws. 8 U.S.C. § 1103. Pursuant to the INA, ICE is authorized or, in certain cases, required, to detain individuals who are subject to removal. *See* 8 U.S.C. §§ 1225(b) (requiring mandatory detention as an arriving alien); 1226(a)(1) (authorizing discretionary detention pending removal); 1226(c) (requiring mandatory detention based on prior criminal convictions); 1231(a)(2) (requiring mandatory detention based on final order of removal). Notably, Congress chose to limit this authority in cases involving a defendant who has been sentenced to imprisonment, in which case ICE is not authorized to remove an alien. *See* 8 U.S.C. § 1231(a)(4)(A). Congress did not so limit ICE's authority in cases involving defendants who have not yet been convicted and sentenced.

During the pendency of this case, both 8 U.S.C. §§ 1226(a)(1) and 1231(a)(2) have applied. 8 U.S.C. § 1226(a)(1) provides ICE with the discretionary authority to detain noncitizens pending removal, "on a warrant issued by the Attorney General." *See* 8 U.S.C. § 1226(a)(1). Once Rodriguez-Rincon's prior order of removal had been reinstated, ICE was required to detain him pursuant to 8 U.S.C. § 1231(a)(2), which provides that during the removal period, the Attorney General shall detain the alien. 8 U.S.C. § 1231(a)(2)(A). The removal period began once Rodriguez-Rincon's 1995 removal order was reinstated. *See* 8 U.S.C. § 1231(a)(1)(B)(i).

//

*U.S. v. Rodriguez-Rincon*
3:25-cr-00025-SLG-MMS            Page 4 of 12
    Case 3:25-cr-00025-SLG-MMS   Document 22   Filed 06/09/25   Page 4 of 12

### A. Rodriguez-Rincon is Lawfully Detained Pursuant to the INA, and There is No Basis for this Court to Order Release.

ICE has authority to detain Rodriguez-Rincon pursuant to 8 U.S.C. §§ 1226(a)(1) and 1231(a)(2), regardless of whether he is amenable to release under the BRA. The BRA contemplates that an individual may be detained pursuant under other lawful authority—including immigration authority—even if released pursuant to the BRA. Indeed, 18 U.S.C. § 3142(d) requires district courts give other agencies an opportunity to take custody of a defendant before a BRA release order is issued. "By providing these other agencies an opportunity to take custody of such persons, the BRA effectively gives respect to pending cases and allows those officials to act before bail is set in the federal case." *United States v. Soriano Nunez*, 928 F.3d 240, 246 (3d Cir. 2019). "The BRA's temporary detention scheme thus reflects Congress' recognition that immigration authorities and state sovereigns have separate interests." *Id.* If Congress wanted to make a district court's detention decision under the BRA dispositive as to detention under the INA, state or local law, or the federal probation regime, Congress would not have included § 3142(d). Accordingly, the text of the BRA undermines Rodriguez-Rincon's that his INA detention somehow violates the BRA.

Rodriguez-Rincon's arguments entirely rely on *United States v. Trujillo-Alvarez*, 900 F. Supp. 2d 1167 (D. Or. 2012), a district court case which is inconsistent with the great weight circuit-level and district court decisions across the country, and facially ignores the independent detention authority prescribed by the INA. As the Ninth Circuit has explained, "detention of a 'criminal defendant pending trial pursuant to the

*U.S. v. Rodriguez-Rincon*
3:25-cr-00025-SLG-MMS             Page 5 of 12
Case 3:25-cr-00025-SLG-MMS   Document 22   Filed 06/09/25   Page 5 of 12

Bail Reform Act and detention of a removable alien pursuant to the Immigration and Nationality Act are separate functions that serve separate purposes and are performed by different authorities.'" *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019) (alterations adopted) (*quoting United States v. Vasquez-Benitez*, 919 F.3d 546, 552 (D.C. Cir. 2019) (noting that "Congress has never indicated that the BRA is intended to displace the INA")). Similarly, the Western District of Washington found that "[p]re-trial detention of a criminal defendant and detention of an alien pending removal proceedings 'are separate functions, administered by separate authorities, and serve different purposes. Thus, it is not apparent that the BRA and INA conflict such that one nullifies the effect of the other.'" *United States v. Urbina-Escoto*, No. CR20-131RSM, 2020 WL 6147024, at *2 (W.D. Wash. Oct. 20, 2020) (*citing United States v. Rincon-Meza*, No. CR19-0062-JCC, 2019 WL 2208734, at *3 (W.D. Wash. May 22, 2019)).

Beyond its disregard of the independent detention authority prescribed by the INA, *Trujillo-Alvarez* is premised on an incorrect reading of 8 C.F.R. 215. 8 C.F.R. 215.2(a) states that "[n]o alien shall depart, or attempt to depart, from the United States if his departure would be prejudicial to the interests of the United States under the provisions of § 215.3." 8 C.F.R. 215.3, in turn, states that:

> [T]he departure from the United States of any alien within one or more of the following categories shall be deemed prejudicial to the interests of the United States: * * * (g) Any alien who is needed in the United States as a witness in, or as a party to, any criminal case under investigation or pending in a court in the United States: Provided, That any alien who is a witness in, or a party to, any criminal case pending in any criminal court proceeding may be permitted to depart from the United States with the consent of the appropriate prosecuting authority, unless such alien is otherwise prohibited from departing under the provisions of this part.

*U.S. v. Rodriguez-Rincon*
3:25-cr-00025-SLG-MMS           Page 6 of 12
  Case 3:25-cr-00025-SLG-MMS    Document 22    Filed 06/09/25    Page 6 of 12

8 C.F.R. 215.3(g).

These provisions, however, do not relate to removal. They only restrict a noncitizen's ability to voluntarily leave the United States. *See United States v. Baltazar-Sebastian*, 990 F.3d 939, 946 (5th Cir. 2021) ("[T]hese regulations pertain to actions by an alien, not the government."); *United States v. Lett*, 944 F.3d 467, 472-73 (2nd Cir. 2019) ("But these regulations merely prohibit aliens who are parties to a criminal case from departing the United States voluntarily; they do not affect the government's authority to deport such aliens pursuant to final orders of removal."); *United States v. Ailon-Ailon*, 875 F.3d 1334 (10th Cir. 2017) (same); *see also Lopez-Angel v. Barr*, 952 F.3d 1045, 1048-49 (9th Cir. 2019) (defining "departure from the United States" in a different context to refer solely to voluntary removals).

For these reasons, seven circuits have rejected the Rodriguez-Rincon's claim that the government cannot pursue a criminal prosecution while an alien is detained by immigration authorities. *See United States v. Lett*, 944 F.3d at 471 ("The BRA and the INA authorize the government to pursue both criminal prosecution and removal simultaneously, and there is no conflict between the detention-and-release provisions of the two statutes."); *Soriano Nunez*, 928 F.3d at 245 (holding that pre-trial release does not preclude detention under the INA); *United States v. Veloz-Alonso*, 910 F.3d 266, 270 (6th Cir. 2018) ("ICE may fulfill its statutory duties under the INA to detain an illegal alien pending trial or sentencing regardless of a BRA release determination."); *United States v. Baltazar-Sebastian*, 990 F.3d at 944-45 (same); *United States v. Pacheco-Poo*, 952 F.3d 950, 953

*U.S. v. Rodriguez-Rincon*
3:25-cr-00025-SLG-MMS    Page 7 of 12
Case 3:25-cr-00025-SLG-MMS    Document 22    Filed 06/09/25    Page 7 of 12

(8th Cir. 2020) (same); *Vasquez-Benitez*, 919 F.3d at 552 (same); *United States v. Barrera-Landa*, 964 F.3d 912, 918 (10th Cir. 2020) (same).

In *United States v. Lett*, for example, the defendant was a citizen of Trinidad and Tobago and was arrested at John F. Kennedy International Airport after CBP found 2.12 kilograms of cocaine in his suitcase. 944 F.3d at 469. "CBP paroled Lett into the United States for criminal prosecution and transferred him to the custody of the Bureau of Prisons ("BOP"), and the government filed a criminal complaint charging Lett with importing cocaine . . . ." *Id*. Meanwhile, ICE lodged an immigration detainer against him. *Id*. Ultimately, the district court ordered Lett's release pending his criminal case. *See id*. Then ICE acted on the lodged detainer and took Lett into ICE custody following his release from BOP, and initiated removal proceedings. *See id*. Lett filed a motion to dismiss the indictment in his criminal case, arguing that his continued detention by ICE violated the BRA. *Id*. The district court dismissed the Indictment holding that the government needed to decide whether to criminally prosecute or remove Lett but could not proceed simultaneously. *See id*. at 469-470. The Second Circuit vacated this decision finding that the BRA and the INA "serve different purposes, govern separate adjudicatory proceedings, and provide independent statutory bases for detention," and therefore "the government's authority to detain an alien pursuant to the INA" does not disappear merely because he cannot be detained under the BRA pending his criminal trial. *See id*. at 470.

In *United States v. Vasquez-Benitez*, the defendant was a citizen of El Salvador who had illegally entered the United States more than once and been removed from the country

*U.S. v. Rodriguez-Rincon*
3:25-cr-00025-SLG-MMS                    Page 8 of 12
Case 3:25-cr-00025-SLG-MMS    Document 22    Filed 06/09/25    Page 8 of 12

at least once. 919 F.3d at 548. Upon entering the country again, ICE civilly detained him for the purpose of removal. *Id.* The defendant was also criminally charged with unlawful reentry. *Id.* During the criminal proceeding, the district court released the defendant pending trial under the BRA and ruled that releasing him pre-trial precluded ICE from detaining him pursuant to the INA in order to remove him from the country. *Id.* On appeal from the United States, the D.C. Circuit vacated the order prohibiting ICE from detaining the defendant under the INA. D.C. Circuit ruled that:

> The Supreme Court has affirmed that civil detention is a constitutionally permissible part of the Congress's broad power over immigration and the Executive's authority to execute that power. *See Demore v. Kim*, 538 U.S. 510, 523 (2003). So long as ICE detains the alien for the permissible purpose of effectuating his removal and not to "skirt [the] Court's decision [in] setting the terms of [his] release under the BRA," ICE's detention does not offend separation-of-powers principles simply because a federal court, acting pursuant to the BRA, has ordered that same alien released pending his criminal trial. Thus, we see no constitutional conflict of the kind articulated by the district court.

919 F.3d at 552.

Neither did the D.C. Circuit find a conflict between the BRA and INA, stating that "ICE's authority to facilitate an illegal alien's removal from the country does not disappear merely because the U.S. Marshal cannot detain him under the BRA pending his criminal trial." *Id*. at 553. The D.C. Circuit instructed that the guiding principle in negotiating any potential conflict between the BRA and INA was whether the two statutes were capable of co-existence. Specifically, it held:

> '[C]ourts are not at liberty to pick and choose among congressional enactments, and when two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective.' *Morton v. Mancari*, 417 U.S. 535, 551

*U.S. v. Rodriguez-Rincon*
3:25-cr-00025-SLG-MMS        Page 9 of 12
          Case 3:25-cr-00025-SLG-MMS   Document 22   Filed 06/09/25   Page 9 of 12

(1974). The Congress has never indicated that the BRA is intended to displace the INA.

*Id*.

Here, the government did not seek an arrest warrant after Rodriguez-Rincon was indicted, but rather requested the Court issue a summons. Nor did the government seek Rodriguez-Rincon's detention based on its good-faith assessment of whether detention was warranted pursuant to the BRA. After Rodriguez-Rincon was released, ICE decided to begin removal proceedings, and reinstated Rodriguez-Rincon's prior removal order and arrest him pursuant to its independent immigration authority. Thus, ICE had lawful discretionary authority to detain Rodriguez-Rincon pursuant to 8 U.S.C. § 1226(a)(1) and was statutorily required to detain Rodriguez-Rincon pursuant to 8 U.S.C. § 1231(a)(2). These outcomes are not inconsistent. Pursuant to the BRA, the Court appropriately considered a multitude of factors pertaining to Rodriguez-Rincon's dangerousness or risk of flight. But detention under the INA addresses a completely different, binary question: have removal proceedings begun? 8 U.S.C. § 1231(a)(2). If so, the individual *must* be detained pending removal. *Id.* Rodriguez-Rincon has not made any factual proffer that ICE's decision to detain him was in violation of the INA, made in bad faith, or is not being done for the purpose of effectuating his removal.

Nor has he articulated how his ICE detention will infringe on his constitutional rights. Any such argument would be premature, as the Rodriguez-Rincon has provided no evidence to this effect, and there is no indication that the Rodriguez-Rincon will be prevented from attending his criminal hearings or meeting with his counsel.

*U.S. v. Rodriguez-Rincon*
3:25-cr-00025-SLG-MMS     Page 10 of 12
Case 3:25-cr-00025-SLG-MMS     Document 22     Filed 06/09/25     Page 10 of 12

*Cf. Santos-Flores*, 794 F.3d at 1090 (holding that a district court may "craft an appropriate remedy" if immigration detention "jeopardizes the district court's ability to try him"). Nor has he alleged that the conditions of his civil confinement are unconstitutionally punitive. If any such claim were to develop, the Court's would have tools at its disposal to redress them, including the issuance of a order that Rodriguez-Rincon be transported and made available at any hearings in his criminal case.

### B. There is no Basis for the Court to Dismiss the Indictment with, or without, prejudice.

The Ninth Circuit has instructed that an indictment may be dismissed under two theories:

> [First, a] district court may dismiss an indictment on the ground of outrageous government conduct if the conduct amounts to a due process violation. [Second, i]f the conduct does not rise to the level of a due process violation, the court may nonetheless dismiss under its supervisory powers.

*United States v. Chapman*, 524 F.3d 1073, 1084 (9th Cir. 2008) (quoting *United States v. Barrera–Moreno*, 951 F.2d 1089, 1091 (9th Cir.1991). A district court's "supervisory powers" may be exercised "to remedy a constitutional or statutory violation; to protect judicial integrity by ensuring that a conviction rests on appropriate considerations validly before a jury; or to deter future illegal conduct." *United States v. Barrera–Moreno*, 951 F.2d 1089, 1091 (9th Cir. 1991). To justify dismissal pursuant to a district court's supervisory powers, the court must find the defendant suffered "substantial prejudice," and where "no lesser remedial action is available." *Chapman*, 524 F.3d at 1087.

Here, the present motion does not articulate a due process violation and only relies on the Court's "supervisory powers." Dkt. 14 at 2. But as explained above, ICE has

*U.S. v. Rodriguez-Rincon*
3:25-cr-00025-SLG-MMS  Page 11 of 12
Case 3:25-cr-00025-SLG-MMS   Document 22   Filed 06/09/25   Page 11 of 12

complied with the clear command of Congress in 8 U.S.C. § 1231(a)(2) by detaining Rodriguez-Rincon during the removal process. And as several circuits have held, "neither the BRA nor the INA precludes the government from exercising its detention authority pursuant to the other statute." *Lett*, 944 F.3d at 471; *see also Veloz-Alonso*, 910 F.3d at 270; *Vasquez-Benitez*, 919 F.3d at 552. Thus, there has been no constitutional or statutory violation—much less, a flagrant one—to warrant dismissal.

## CONCLUSION

For the foregoing reasons, Rodriguez-Rincon's Motion for Immediate Release from Custody or Dismissal of Indictment at docket 14 should be denied.

RESPECTFULLY SUBMITTED June 9, 2025 at Anchorage, Alaska.

MICHAEL J. HEYMAN
United States Attorney

s/ *Seth Brickey*
SETH BRICKEY
Assistant United States Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on June 9, 2025 a true and correct copy of the foregoing was served electronically on all counsel of record.

s/ *Seth Brickey*

*U.S. v. Rodriguez-Rincon*
3:25-cr-00025-SLG-MMS    Page 12 of 12
Case 3:25-cr-00025-SLG-MMS    Document 22    Filed 06/09/25    Page 12 of 12